IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS STEVEN BARKER                                                                                    PLAINTIFF

      v.                      Civil No. 6:09-cv-06105

SHERIFF LARRY SANDERS;
CAPTAIN MEL STEED; LT. RON
RADLEY; DEPUTY JOSH CANNON;
DEPUTY GARY DORRIS; DEPUTY
LACY; and DEPUTY DELAHUNT                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Thomas Steven Barker, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Defendants filed a motion for summary judgment (Doc. 18). On January 12, 2010, I entered an order (Doc. 23) directing Plaintiff to complete, sign and return an attached questionnaire that would serve as his response to the summary judgment motion.

      The Plaintiff's response to the questionnaire was to be returned by February 8, 2011. To date, the Plaintiff has failed to respond to the questionnaire. The Court's order and attached questionnaire have not been returned as undeliverable. Plaintiff has not informed the court of any change in his address. He has not sought an extension of time to respond to the questionnaire or communicated with the Court in anyway.

      I therefore recommend this case be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of February 2011.

       /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE